UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.  6:21-cv-01835-ACC-LRH

**MARIA RUSSO,**

     Plaintiff,
v.

**IC SYSTEM INC,**

     Defendant.
_____/

**JOINT STATUS REPORT**

Plaintiff Maria Russo ("Plaintiff") Defendant IC System Inc ("Defendant"), by and through respective undersigned counsel, submit this Joint Status Report.

1.    On September 08, 2022, the Eleventh Circuit issued its *en banc* decision in <u>Hunstein v. Preferred Collection and Management Services, Inc.</u>, concluding that Hunstein lacked Article III standing and instructed the district court to dismiss the case without prejudice.

2.    In simplest terms, the Eleventh Circuit found that Hunstein lacked Article III standing to pursue the case in federal court "[b]ecause Hunstein had pleaded what could be characterized, at best, as an intangible harm resulting from a statutory violation" and, when considered in light of the "common-law analogue" of "tort of public disclosure," Hunstein made "no allegations that suggest

publicity," of which was "an element 'essential to liability' under the comparator tort" and otherwise "never sought to replead his case." *See* <u>Hunstein v. Preferred Collection & Mgmt. Servs.</u>, No. 19-14434, 2022 U.S. App. LEXIS 25233, at *10 (11th Cir. Sep. 8, 2022) ("Hunstein fails to allege that anyone read his private information, that it reached the public, or that the disclosure caused anything more than personal offense."). <u>Hunstein</u>, 2022 U.S. App. LEXIS 2523 at *25 ("Hunstein makes no allegations that suggest publicity. His complaint says that Preferred Collection placed his personal information 'within the possession of an unauthorized third-party' that 'populated some or all of this information into a pre-written template, printed, and mailed the letter' to Hunstein. The allegations stop there."). Essentially, the 11th circuit held that the plaintiff in that case failed to allege concrete harm to provide Article III standing.

3.   With respect to the impact of the Eleventh Circuit's decision on the above-captioned case, Plaintiff and Defendant are collaborating as to the appropriate path forward.

4.   Plaintiff and Defendant expect to reach a consensus with respect to the path forward **within three (3) weeks**, with the likely outcome being either (1) an amendment to the pleadings if appropriate, or (b) remand to state court because "[t]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal

rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." Mittenthal v. Fla. Panthers Hockey Club, Ltd., 472 F. Supp. 3d 1211, 1225 n.4 (S.D. Fla. 2020) (*quoting* ASARCO, Inc. v. Kadish, 490 U.S. 605, 617, 109 S. Ct. 2037, 2045 (1989)).

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail: victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3325 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*

 /s/ Charles McHale
**CHARLES MCHALE, ESQ.**
Florida Bar No. 26555
E-mail: CMcHale@gsgfirm.com
 Golden Scaz Gagain, PLLC
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: 813-251-3688

*COUNSEL FOR DEFENDANT*